

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00331-CV

———————————————

IN THE INTEREST OF J.J. AND A.R., MINOR CHILDREN

On Appeal from County Court at Law No. 1
Wichita County, Texas
Trial Court No. 12928-JR-A

Before Sudderth, C.J.; Gabriel and Birdwell, JJ.
Memorandum Opinion by Justice Gabriel

# MEMORANDUM OPINION

C.R. (Mother) appeals from the termination of her parental rights to her two surviving children, John and Annie.[1]  In one issue, Mother argues that the evidence was insufficient to support the jury's finding that clear and convincing evidence showed that the termination of her parental rights was in John's and Annie's best interest.  Because we conclude that Mother failed to preserve this issue for our review, we affirm the trial court's order of termination.

Mother had four children before she was twenty-two.  Two of her children died before they turned one.  One died in a foster home after the Department of Family and Protective Services (DFPS) removed the child because Mother was not caring for her.  The other child died as a result of shaken-baby syndrome after being left alone with Mother's boyfriend Sam Ross, who was the child's father.  Mother refused to believe Ross had anything to do with her child's death even though he was the only adult present when the child was injured.

DFPS removed Mother's remaining two children, John and Annie, and instituted a service plan in an attempt to reunite the family.  But Mother did not comply with the service plan and continued her relationship with Ross in secret even though she knew he had a drug problem and even though she knew DFPS would

---

[1]We use aliases to refer to the children and their family members.  *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b).

2

seek to terminate her parental rights if she continued to see him. Mother is bipolar but refused to take her required medications.

DFPS filed a petition seeking to terminate Mother's parental rights to John and Annie, alleging that Mother had endangered John and Annie and had also failed to comply with the court-ordered service plan.[2] *See* Tex. Fam. Code Ann. § 161.001(b)(1). DFPS also alleged that termination of Mother's parental rights would be in John's and Annie's best interest. *See id.* § 161.001(b)(2). At the subsequent jury trial, a DFPS caseworker testified that the termination of Mother's parental rights to John and Annie would serve their best interest. John and Annie's former foster mother also testified that it would be in their best interest for Mother's parental rights to be terminated: "[Mother] had the support system [from DFPS, her mother, and her cousin], she had everything going for her, and she just blew it. I feel like she blew it. I feel like everything was a lie."

After both sides rested and the evidence was closed, Mother did not move for a directed verdict. The jury was charged on the appropriate evidentiary burden carried by DFPS and asked whether Mother endangered John and Annie or failed to comply with the service plan and whether the termination of her parental rights would be in John's and Annie's best interest. No party objected to the charge. John and Annie's attorney ad litem and DFPS then argued to the jury that all of the best-interest factors

---

[2]DFPS also sought to terminate the children's father's parental rights. The issues of the fathers' parental rights were severed from Mother's trial.

showed that termination of Mother's parental rights was in John's and Annie's best interest. The jury found that Mother's parental rights to John and Annie should be terminated. The trial court signed the decree of termination in accordance with the jury's verdict. Mother did not file a motion for new trial or any other post-verdict motion.

Now on appeal, Mother argues that the evidence was "insufficient" to "clearly and convincingly establish" for the jury that termination of Mother's parental rights was in John's and Annie's best interest. Mother does not clearly specify whether she is attacking the legal or factual sufficiency of the evidence and includes no language that clearly could be construed as either a legal or a factual attack. If Mother is raising legal insufficiency, she did not properly preserve the issue for our review. *See In re G.C.*, 66 S.W.3d 517, 527 (Tex. App.—Fort Worth 2002, no pet.). And by failing to file a motion for new trial, Mother did not preserve a factual-insufficiency argument. *See* Tex. R. Civ. P. 324(b)(2); *G.C.*, 66 S.W.3d at 527; *In re Z.T.*, No. 12-18-00078-CV, 2018 WL 4474050, at *2 (Tex. App.—Tyler Sept. 19, 2018, no pet.) (mem. op.). *See generally In re B.L.D.*, 113 S.W.3d 340, 351 (Tex. 2003) (noting rules of civil procedure govern termination proceedings). We overrule Mother's issue.[3]

---

[3]Even if Mother's issue had been preserved, we have reviewed the record and conclude that the evidence was legally and factually sufficient to show clearly and convincingly that the termination of Mother's parental rights was in John's and Annie's best interest as reflected in the brief factual statement we included above. John and Annie's attorney ad litem and DFPS convincingly argue in their briefs, with

4

Accordingly, we affirm the trial court's decree of termination. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

Lee Gabriel
Justice

Delivered: February 14, 2019

---

supporting citations to the trial record, that the termination of Mother's parental rights was in John's and Annie's best interest.